# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| DARRELL WESLEY BANKS | CIVIL ACTION NO. 23-1700-P |
| VERSUS | JUDGE EDWARDS |
| LT. WALKER, ET AL. | MAGISTRATE JUDGE HORNSBY |

## REPORT & RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Darrell Wesley Banks, ("Plaintiff"), pursuant to 42 U.S.C. § 1983.  This complaint was filed in this court on November 27, 2023.  Plaintiff was incarcerated at the Caddo Correctional Center in Shreveport, Louisiana when he filed his complaint.  He claims his civil rights were violated by prison officials.  Plaintiff names Lt. Walker, Unknown Correctional Officers, ERT Cooper, SIU Childress, Detective Jacobs, Detective Richardson, Deputy Pool, Deputy Brown, Deputy Webb, Deputy Jones, Schubert, Deputy Benjamin, and Deputy Ruffin as defendants.

Plaintiff claims that on November 16, 2023, Lt. Walker and other correctional officers placed his dorm on lock-down because of several behavioral management fights that were totally out of others' control.  He claims cell number one was tear gassed because an

individual was having an anxiety episode.  He complains that Lt. Walker punished the entire dorm because of the actions of a few inmates.

Plaintiff claims SIU Childress, Detective Jacobs, and Detective Richardson allowed Lt. Walker and his deputies to fabricate disciplinary reports to punish him.  He claims that from November 14, 2022 until December 22, 2023, Lt. Walker, Sgt. Childress, Detective Jacobs, Detective Richardson, ERT Cooper, Deputy Pool, Deputy Brown, Deputy Webb, Deputy Jones, Schubert, Deputy, Benjamin, and Deputy Ruffin made ridiculous disciplinary actions against him and violated his constitutional, institutional, and privacy rights with frivolous, fabricated, and imagined write-ups.  He claims they sent him to men's mental health on six or seven occasions by lying that he was suicidal.

Plaintiff claims Lt. Walker treated him as an example with disciplinary infractions. He claims that on November 14, 2022, Lt. Walker allowed ERT Cooper to taser him via video court.  He claims on another date, Lt. Walker allowed ERT Cooper to restrain him and slam his eye into the concrete.  He claims he has been placed on lockdown on multiple occasions for frivolous and fictitious reasons.  He claims Lt. Walker and his co-workers have made reasons to keep him on behavior management status.  He claims this status caused him pain and suffering.  He claims he had problems with his blood pressure, cholesterol, mental anguish, and family status.  He claims his court hearings were affected.

Plaintiff claims Defendants are very deceiving and incompetent regarding the administrative remedy procedures.  He feels all Defendants should be terminated and disciplined for their retaliatory tactics.

Plaintiff admits that he did not file a grievance in the prison grievance procedure based upon the facts which form the basis of this complaint. He states that he did file a grievance because "[t]hey have failed to properly address any ARP's previously filed" [Doc. 5, p. 2].

Accordingly, Plaintiff seeks disciplinary action against Defendants, monetary compensation, a written apology from all Defendants, and any other relief to which he is entitled.

For the following reasons, Plaintiff's complaint should be dismissed without prejudice for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a).

## LAW AND ANALYSIS

Congress has commanded that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). Section 1997e requires Plaintiff to properly exhaust available administrative remedies before filing a Section 1983 suit. See Woodford v. Ngo, 126 S.Ct. 2378 (2006). This exhaustion requirement requires proper exhaustion of administrative remedies in accordance with prison procedures, and an untimely or otherwise procedurally defective grievance or appeal will not suffice. Woodford, 126 S.Ct. 2378. The Fifth Circuit has applied the requirement to claims such as the use of excessive force, see Wendell, 162 F.3d at 887, and denial of medical care. See Harris v. Hegmann, 198 F.3d 153 (5th Cir. 1999). Failure to exhaust administrative remedies is an affirmative defense, and

"inmates are not required to specifically plead or demonstrate exhaustion in their complaints." Jones v. Bock, 549 U.S. 199, 216 (2007). However, dismissal may be appropriate when, the complaint on its face establishes the inmate's failure to exhaust. See Carbe v. Lappin, 492 F.3d 325, 328 (5th Cir.2007); Hicks v. Lingle, 370 Fed. Appx. 497, 498 (5th Cir.2010).

After reviewing Plaintiff's complaint, the court finds Plaintiff has failed to properly exhaust administrative remedies. Plaintiff admits he did not file a grievance in the ARP process [Doc. 5, p.2].

Accordingly;

It is recommended that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this the 5th day of December 2024.

Mark L. Hornsby
U.S. Magistrate Judge